Filed 5/17/22  P. v. Walker CA2/2
(Opinion on remand from Supreme Court)

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B302037 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA242819) |
| v. | **OPINION ON REMAND** |
| MAURICE LAVELLE WALKER, JR., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  William C. Ryan, Judge.  Affirmed.

Jeralyn B. Keller, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and Daniel C. Chang, Deputy Attorneys General, for Plaintiff and Respondent.

Pursuant to an order by the California Supreme Court, we vacate our original opinion and issue this opinion instead.

In 2003, a jury found defendant and appellant Maurice Lavelle Walker, Jr., guilty of one count of first degree murder (Pen. Code, § 187, subd. (a); count 1)[1] and two counts of attempted murder (§§ 664/187, subd. (a); counts 2 & 3). The jury also found true the allegations that the attempted murders were committed willfully, deliberately, and with premeditation (§ 664, subd. (a)), that in the commission of the offenses defendant personally used a firearm within the meaning of section 12022.53, subdivisions (b), (c), (d), and (e)(1), and that the offenses were committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)). He was sentenced to state prison for a term of 75 years to life, and on direct appeal, we affirmed. (*People v. Walker* (Apr. 7, 2005, B171963) [nonpub. opn.], p. 1 (*Walker I*).)

In 2019, defendant filed a petition for resentencing pursuant to section 1170.95. The trial court denied the petition, finding that defendant was convicted as the actual killer and not pursuant to either the felony murder rule or the natural and probable consequences doctrine. The trial court implicitly rejected any resentencing relief as to the attempted murder convictions.

Defendant timely filed a notice of appeal. On March 2, 2021, we affirmed the trial court's order on the ground that defendant was convicted as the actual shooter, not under either the felony murder rule or the natural and probable consequences doctrine. We also rejected defendant's contention that section

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

2

1170.95 applies to his convictions for attempted murder. (*People v. Walker* (Mar. 2, 2021, B302037) [nonpub. opn.] (*Walker II*).)

Defendant filed a petition for review with the California Supreme Court. While this case was pending, our Legislature enacted and the Governor signed into law Senate Bill No. 775 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 551) (Sen. Bill 775). Sen. Bill 775 amended section 1170.95 to expand eligibility for resentencing to persons convicted of attempted murder.

On May 12, 2021, the California Supreme Court granted review in this case, and, in an order filed January 26, 2022, transferred the case back to us with directions to vacate our prior opinion and reconsider the cause in light of Sen. Bill 775 and *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*).

We remain convinced that defendant is not entitled to resentencing relief. Accordingly, we affirm the trial court's order.

## FACTUAL BACKGROUND

*The Shooting*

"On October 25, 2002, at 3:00 p.m., school let out at Dorsey High School (Dorsey), which is located near the intersection of Jefferson Boulevard and Farmdale Avenue. Gemelle Jenkins (Jenkins) drove out of the school parking lot in his black and silver, 1985 Oldsmobile Cutlass, with Henry Hall (Hall) in the passenger seat." (*Walker I*, *supra*, B171963, at p. 2.)

Carita Dixon (Dixon) and Shermanice Wilson (Wilson), Dorsey students, who had known defendant for years, saw him after school wearing a black, hooded sweatshirt and metal rimmed glasses, in the front passenger seat of a Jeep Cherokee traveling down Farmdale in front of Jenkins's car. "Wilson saw [defendant] looking in the rear view mirror. She then heard what she believed to be gunshots but was unable to see anyone actually

shooting. Dixon saw the Jeep moving and then stop at a stop light, at the intersection of Jefferson and Farmdale. [Defendant] and another occupant wearing black sweatshirts exited the Jeep and were shooting." (*Walker I*, *supra*, B171963, at p. 3.)

"Evelyn Sanchez (Sanchez), who was not a Dorsey student but was standing near the intersection of Jefferson and Farmdale waiting for a bus, also heard shooting. She heard approximately a dozen shots, turned toward the noise and saw a male wearing a sweater and holding a gun, standing in the intersection and shooting at a gray car. She saw the side of his face." (*Walker I*, *supra*, B171963, at p. 3.)

Jenkins testified that when he arrived at the intersection of Jefferson and Farmdale, the Jeep was stopped directly in front of him. Suddenly, shots "rang out from the direction of the Jeep, as well as from another direction." (*Walker I*, *supra*, B171963, at p. 3.) While he did not see the shooter's face, he saw someone wearing a black sweatshirt outside the Jeep. (*Id.* at pp. 3–4.) Jenkins later told a police officer that one of the shooters yelled a gang name. Jenkins was struck by five bullets. (*Id.* at p. 4.)

Hall, who was also shot, did not see defendant or the shooter's face. (*Walker I*, *supra*, B171963, at p. 4.)

A bystander was killed during the shooting by a single gunshot wound to the head. (*Walker I*, *supra*, B171963, at p. 4.)

*Identification of Defendant*

"The police showed several witnesses a photographic six-pack that included a photograph of [defendant]. Dixon identified the photograph of [defendant] as one of the individuals in the Jeep. Wilson also identified [defendant] as the person she saw in the black sweatshirt with metal rimmed glasses." (*Walker I*,

*supra*, B171963, at p. 5.)  Sanchez also selected defendant's photograph, "stating that he looked like the shooter."  (*Ibid*.)

*Relevant Jury Instructions*

At defendant's trial, the jury was not instructed on either the natural and probable consequences doctrine or felony murder. Rather, the jury was instructed pursuant to CALJIC Nos. 8.10 and 8.11 [malice murder] and 3.01 [direct aiding and abetting theory of liability].

*Walker I*

After his conviction, defendant appealed.  (*Walker I*, *supra*, B171963, at p. 2.)  We modified the judgment to include a $20 security fee and affirmed his conviction.  (*Ibid*.)  In so doing, we specifically noted the "volume of both direct and circumstantial evidence that [defendant] was the shooter."  (*Id*. at p. 13.)  In fact, the evidence "was consistent in the essential details necessary to establish [defendant] as the shooter."  (*Id*. at p. 14.)

## PROCEDURAL BACKGROUND

I. *Defendant's Section 1170.95 Petition*

On July 12, 2019, defendant filed a petition to be resentenced pursuant to section 1170.95.  He alleged, inter alia, that a complaint, information, or indictment was filed against him that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine; he was convicted of first or second degree murder pursuant to the felony murder rule or the natural and probable consequences doctrine; he could no longer be convicted of first degree murder because of changes made to section 189; he was not the actual killer and did not act with the intent to kill; he was not a major participant in the felony and did not act with

5

reckless indifference to human life; and the victim was not a peace officer.  He requested the appointment of counsel.

II. *Trial Court Order on Defendant's Petition*

On September 16, 2019, the trial court denied defendant's petition.  In so ruling it reasoned:  "The instant petition warrants summary denial because [defendant] has not established that his conviction falls within the scope of section 1170.95.  [¶] [Defendant] indicates that he was convicted of first degree murder under a theory of felony murder, and that he could not now be convicted of murder because of the changes to section 189.  Here, [defendant] was convicted of first degree murder with the personal use of a firearm and two counts of attempted murder with the personal use of a firearm after a drive-by shooting between rival gang members result[ing] in the death of an innocent bystander and injur[ing] others.  Several eyewitnesses, including some who had known [defendant] for a long time, identified [defendant] as the shooter through photographic lineups.  [Defendant] was also a known member of the involved gang.  The record therefore reflects that [defendant] was convicted as the actual killer, and not under a theory of felony murder or murder under a natural and probable consequences theory.  [Defendant] is therefore ineligible for [resentencing] relief as a matter of law pursuant to section 1170.95."

## DISCUSSION

I. *Standard of Review*

To the extent we are called upon to interpret section 1170.95, subdivision (c), we review the trial court's order de novo. (See *Martinez v. Brownco Construction Co.* (2013) 56 Cal.4th 1014, 1018 [application of law to undisputed facts]; A.S. *v. Miller* (2019) 34 Cal.App.5th 284, 290 [statutory interpretation].)

6

II. *Relevant Law*

Effective January 1, 2019, Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Sen. Bill 1437) was enacted to "amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) To accomplish this, Sen. Bill 1437 amended sections 188 and 189. (Stats. 2018, ch. 1015, §§ 2-3.)

Sen. Bill 1437 also added section 1170.95, which provides a mechanism whereby people "who believe they were convicted of murder for an act that no longer qualifies as murder following the crime's redefinition in 2019[] may seek vacatur of their murder conviction and resentencing by filing a petition in the trial court." (*People v. Drayton* (2020) 47 Cal.App.5th 965, 973, overruled in part on other grounds in *People v. Lewis*, *supra*, 11 Cal.5th 952.)

In order to obtain resentencing relief, the petitioner must file a facially sufficient section 1170.95 petition. (§ 1170.95, subds. (a)(1)-(3), (b)(1)(A).) If a petitioner does so, then the trial court proceeds to section 1170.95, subdivision (c), to assess whether the petitioner has made a prima facia showing for relief, thereby meriting an evidentiary hearing. (*People v. Lewis*, *supra*, 11 Cal.5th at p. 957.) When making this determination, "the trial court should assume all facts stated in the section 1170.95 petition are true. [Citation.] The trial court should not evaluate the credibility of the petition's assertions, but it need not credit factual assertions that are untrue as a matter of law . . . . [I]f the

7

record 'contain[s] facts refuting the allegations made in the petition . . . the court is justified in making a credibility determination adverse to the petitioner.' [Citation.] However, this authority to make determinations without conducting an evidentiary hearing . . . is limited to readily ascertainable facts from the record (such as the crime of conviction), rather than factfinding involving the weighing of evidence or the exercise of discretion (such as determining whether the petitioner showed reckless indifference to human life in the commission of the crime)." (*People v. Drayton*, *supra*, 47 Cal.App.5th at p. 980; see also *People v. Lewis*, *supra*, 11 Cal.5th at pp. 970–971.) In other words, a defendant is ineligible for relief only where the record conclusively shows that the jury actually relied—and the defendant's murder conviction actually rests—upon a theory of liability that is unaffected by section 1170.95.

In deciding whether a petitioner is ineligible for resentencing, a trial court may consider its own file and record of conviction. (*People v. Lewis*, *supra*, 11 Cal.5th at p. 970.) The record of conviction includes a reviewing court's opinion. (*Id.* at p. 972.)

III. *Trial Court Properly Denied Defendant's Petition for Resentencing*

The trial court properly denied defendant's petition for resentencing because he does not fall within the scope of section 1170.95. As set forth in *Walker I* and demonstrated by the record of defendant's conviction, defendant was convicted as the actual shooter, not under either the felony murder rule or the natural and probable consequences doctrine. (*People v. Lewis*, *supra*, 11 Cal.5th at pp. 970, 972; *Walker I*, *supra*, B171963, at p. 14 [the trial evidence was "consistent in the essential details necessary to

8

establish [defendant] as the [actual] shooter"].)  Nor could he have been.  The jury was not instructed on either of those two theories.  (*People v. Smith* (2020) 49 Cal.App.5th 85, 92, fn. 5, review granted July 22, 2020, S262835 ["if the jury was not instructed on a natural and probable consequences or felony-murder theory of liability, the petitioner could not demonstrate eligibility as a matter of law because relief is restricted to persons convicted under one of those two theories"]; *People v. Soto* (2020) 51 Cal.App.5th 1043, 1055, review granted Sept. 23, 2020, S263939, and review dismissed and case ordered "non-citable and nonprecedential 'to the extent it is inconsistent with'" *People v. Lewis,* Nov. 17, 2021 [trial court may rely on jury instructions, which are part of the record of conviction, in assessing the prima facie showings under § 1170.95, subd. (c)].)

Moreover, the jury found that defendant personally used and discharged a firearm in the commission of the crimes. (*Walker I, supra,* B171963, at p. 2.)  Under the circumstances presented in this case, this factual finding necessarily labeled him as the "actual killer" and therefore ineligible for relief under section 1170.95.  (See *People v. Cornelius* (2020) 44 Cal.App.5th 54, 58, review granted Mar. 18, 2020, S260410, and review dismissed and case ordered "non-citable and nonprecedential 'to the extent it is inconsistent with'" *People v. Lewis,* Oct. 27, 2021 ["The jury convicted [the petitioner] of second degree murder and found true that he personally and intentionally used a firearm to commit the crime,'" thereby "implicitly [finding that the petitioner] was the 'actual killer,'" and rendering "the changes to sections 188 and 189 . . . inapplicable"].)

Because section 1170.95 "applies only to qualifying defendants convicted of felony murder or murder under a natural

9

and probable consequences theory" (*People v. Flores* (2020) 44 Cal.App.5th 985, 997), defendant is ineligible for resentencing as a matter of law.

To the extent the trial court denied defendant's petition on different grounds, namely by noting that the evidence showed that defendant was the actual shooter, we still affirm the trial court's order. (*People v. Smithey* (1999) 20 Cal.4th 936, 972 [appellate court upholds a trial court order if it is supported by any legally correct theory]; *Smyth v. Berman* (2019) 31 Cal.App.5th 183, 196 ["we may affirm on any ground supported by the record"].)

For the same reasons, defendant is not entitled to resentencing relief on the attempted murder charges as well. As set forth above, where the record of conviction shows that defendant was not convicted under any theory of liability affected by Sen. Bill 1437, he is ineligible for resentencing as a matter of law. (*People v. Mancilla* (2021) 67 Cal.App.5th 854, 866–867.) That limitation on eligibility did not change under Sen. Bill 775.

**DISPOSITION**

The order denying defendant's section 1170.95 petition is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
ASHMANN-GERST


We concur:


_____, P. J.
LUI


_____, J.
CHAVEZ

11